EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR. #3740
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:  Les.Osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>)<br>Plaintiff,    )<br>)<br>vs.    )<br>)<br>REMY AGBAYANI,    (01) )<br>CYNTHIA AGBAYANI,    (02) )<br>)<br>Defendants.    )<br>_____) | CR. NO. 04-00181 SOM<br><br>PRELIMINARY ORDER OF<br>FORFEITURE |

PRELIMINARY ORDER OF FORFEITURE

As a result of his guilty plea to Counts 1 and 6 of the Indictment, for which the Government sought forfeiture pursuant to 18 U.S.C. §§ 982(a)(1) and (a)(2)(A), Defendant REMY AGBAYANI shall forfeit to the United States:

1. A sum of money equal to $725,325.51 in United States currency, representing the amount of proceeds obtained as a result of the offenses listed in Count 1, for which defendants are jointly and severally liable;

  2. $378,915.25 in United States currency, being the net proceeds from the sale of the fee simple interest in the real property located at 648 Moaniala Street in Honolulu, Hawaii, titled in the name of Tyna Lynn Chang, an alias used by defendant CYNTHIA AGBAYANI, and more specifically identified as Tax Map Key No. (1)3-7-022-005, together with all improvement, appurtenances, fixtures, attachments and easements; and

  3. $243,050.26 in United States currency seized on September 16, 2003, and September 22, 2003, from American Savings Bank checking account (No. 80000394051) and savings account (No. 3001034918), both held in the name of Reanne N. Agbayani.

As a result of her guilty plea to Counts 1, 4, 5 and 6 of the Indictment, for which the Government sought forfeiture pursuant to 18 U.S.C. §§ 982(a)(1) and (a)(2)(A), Defendant CYNTHIA AGBAYANI shall forfeit to the United States:

  1. A sum of money equal to $725,325.51 in United States currency, representing the amount of proceeds obtained as a result of the offenses listed in Count 1, for which defendants are jointly and severally liable;

  2. $378,915.25 in United States currency, being the net proceeds from the sale of the fee simple interest in the real property located at 648 Moaniala Street in Honolulu, Hawaii, titled in the name of Tyna Lynn Chang, an alias used by defendant CYNTHIA AGBAYANI, and more specifically identified as Tax Map Key No. (1)3-7-022-005, together with all improvement, appurtenances, fixtures, attachments and easements;

  3. $243,050.26 in United States currency seized on September 16, 2003, and September 22, 2003, from American Savings Bank checking account (No. 80000394051) and savings account (No. 3001034918), both held in the name of Reanne N. Agbayani; and

  4. A sum of money equal to $275,000.00 in United States currency, representing the amount of

          proceeds obtained by defendant CYNTHIA AGBAYANI as a result of the offense listed in Count 4.

The Court has determined, based on the defendants' plea agreements, that the following properties are subject to forfeiture pursuant to 18 U.S.C. §§ 982(a)(1) and (a)(2)(A), and that the government has established the requisite nexus between such properties and such offenses:

1. A sum of money equal to $725,325.51 in United States currency, representing the amount of proceeds obtained as a result of the offenses listed in Count 1, for which defendants are jointly and severally liable;

2. $378,915.25 in United States currency, being the net proceeds from the sale of the fee simple interest in the real property located at 648 Moaniala Street in Honolulu, Hawaii, titled in the name of Tyna Lynn Chang, an alias used by defendant CYNTHIA AGBAYANI, and more specifically identified as Tax Map Key No. (1)3-7-022-005, together with all improvement, appurtenances, fixtures, attachments and easements;

3. $243,050.26 in United States currency seized on September 16, 2003, and September 22, 2003, from American Savings Bank checking account (No. 80000394051) and savings account (No. 3001034918), both held in the name of Reanne N. Agbayani; and

4. A sum of money equal to $275,000.00 in United States currency, representing the amount of proceeds obtained by defendant CYNTHIA AGBAYANI as a result of the offense listed in Count 4

(the above-referenced properties are hereinafter collectively referred to as the "Subject Properties").

Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the

Subject Properties, and to conduct any discovery proper in identifying, locating or disposing of the properties subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

The United States shall publish notice of this Order and its intent to dispose of the Subject Properties in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Properties.

Any person, other than the above-named defendants, asserting a legal interest in the Subject Properties may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the Subject Properties, and for an amendment of the order of forfeiture, pursuant to 18 U.S.C. § 982(b)(1).

Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendants at the time of sentencing and shall be made part of

the sentence and included in the judgment.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Properties, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Properties, any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Properties following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

//
//
//

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Presented by:

/s/ Leslie E. Osborne, Jr.
_____
LESLIE E. OSBORNE, JR.
Assistant U. S. Attorney

/s/ Cynthia A. Kagiwada
_____
CYNTHIA A. KAGIWADA, ESQ.
Attorney for Defendant
REMY AGBAYANI


/s/ Samuel P. King, Jr.
_____
SAMUEL P. KING, JR.
Attorney for Defendant
CYNTHIA AGBAYANI

DATED: Honolulu, Hawaii; June 14, 2006.



_____
Susan Oki Mollway
United States District Judge

USA v. AGBAYANI, et al.; Cr. No. 04-00181 SOM; "Preliminary Order of Forfeiture"